IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-600-JLK

**GO PRO, LTD, a Georgia limited liability company**,

      Plaintiff,

v.

**RIVER GRAPHICS, INC., a Colorado corporation**,

      Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

KANE, J.

      This trademark infringement action is before me on Defendant's Motion for Summary Judgment. I grant the Motion in part and deny it in part. Plaintiff has failed to raise a triable issue of material fact with regard to its infringement claim brought under §32(1) of the Lanham Act, 15 U.S.C. § 1125. Plaintiff has, however, come forward with sufficient facts to allow a reasonable juror to find in its favor with regard to the claim of unfair competition under §43(a) of Act, 15 U.S.C. § 1114.

I. FACTS AND PROCEDURAL HISTORY.

      Go Pro Ltd, ("Go Pro") brings this action against River Graphics, Inc. ("River Graphics") asserting claims for trademark infringement, unfair competition, and misappropriation of business value. Go Pro is a leading manufacturer of embroidered T-shirts, hats, and clothing for sale in the retail sporting goods market. Go Pro's products

are embroidered with a number of distinctive phrases and logos to which they claim varying levels of statutory and common law trademark rights.  One of these phrases, "Here Fishy, Fishy," is also embroidered on T-shirts sold by River Graphics through the same distribution channels to the same types of customers as Go Pro's t-shirts.

Go Pro's suit alleges trademark infringement under §32(1) of the Lanham Act, 15 U.S. C. § 1125 (hereinafter "§32(1)"), unfair competition under §43(a) of the Lanham Act 15 U.S.C. § 1114 (hereinafter "§43(a)"), as well as claims for misappropriation of business value and unfair competition under Colorado common law.

Go Pro's §32(1) claim is based upon its June 13, 2000 Supplemental Registration of the phrase "Here Fishy, Fishy" with the U.S. Patent and Trademark Office ("PTO"). (Graham Dec. ¶ 15).  At the time, the PTO Examiner had rejected Go Pro's application for a Principle Registration on grounds the phrase as it was used by Go Pro on shirts and hats was "merely ornamental" and not used as a trademark to indicate source or origin. (*See* Ex. A-1 to Def's Br. in Supp. Def's Mot. Summ. J.)  While a Supplemental Registration allows for the registration of trademarks so they may more easily be recorded under the laws of foreign countries, it confers no substantive U.S. trademark rights beyond those under common law. *Clairol, Inc. v. Gillette Co.*, 389 F.2d 264, 267 (2d Cir. 1968).  Unlike a Principal Registration, therefore, Go Pro's Supplemental Registration is not by itself some form of *prima facie* evidence of any exclusive right to use the mark. *See* Lanham Act §7(b), 15 U.S.C. § 1115(a); *see also In re Medical Disposables Co.*, 25 U.S.P.Q.2d 1801, 1805, 1999 WL 449999 (T.T.A.B. 1992).

## II. FACTS

The following recitation of facts is undisputed.1  Go Pro began embroidering the phrase "Here Fishy, Fishy" on its shirts and caps and marketing them for retail sale in their Spring 1997 catalogue under Design No. 144.   Go Pro began distributing the catalog to existing and potential customers in January 1997.  The first commercial order for products labeled with the phrase was filled in mid-February 1997.  Go Pro claims that on every clothing order shipped to customers since then, it has included a customer invoice that states the design number next to a description of the design, such as "Here Fishy, Fishy."  Go Pro further claims that before to July 1998, it made the following uses of the phrase:

1)   Attended trade shows where shirts embroidered with the phrase Here Fishy, Fishy were displayed, catalogs and price lists were handed out, and orders for the clothing were taken, (Pl's Opp. Mot. Summ. J., ¶ 16-19, Graham Dec. ¶ 8);

2)   Distributed advertising materials to actual and prospective customers in the form of handbills and direct mailers which included pictures of the clothing embroidered with the phrase, a description of the product, price and plaintiff's phone number, (*id.* ¶ 19-20, Graham Dec. ¶ 9, Ex. 3-pg. 4);

---

[1]   River Graphics indicated that while it would contest many of the facts below at trial, the facts should be accepted as true for purposes of summary judgment.  (Def's Reply in Supp. of Mot. for Summ. J. at 2.)

>   3)   Labeled all shipping containers to its larger customers with HERE FISHY, FISHY in large bold letters. (*id*. ¶ 24, Graham Dec. ¶ 10, Ex. 4);
>
>   4)   Labeled shipping containers sent directly to retail locations at behest of institutional customers with HERE FISHY, FISHY (*id*. ¶ 25-26, Graham Dec. ¶ 11, Ex. 5); and
>
>   5)   Attached "HERE FISHY . . ." hang tags to the embroidered clothing sold to The Sports Authority (*id*. ¶ 27, Graham Dec. ¶ 12, Ex. 6 ).

By mid to late July 1998, Go Pro claims to have begun including hang tags on virtually all of its Here Fishy, Fishy-embroidered clothing with some tags including not only HERE FISHY, FISHY, but also the copyright registration symbol (©) and "Go Pro Ltd." (Graham Dec ¶ 13, Ex. 7). Go Pro further indicates that after that point in July 1998, it obtained Disney Corporation as a client whose clothing orders included hang tags also marked HERE FISHY, FISHY. (*Id.* ¶ 14, Ex. 8).

Before the summer of 1998, Stan Pomery, owner and operator of fly fishing store River & Stream Company, had purchased clothing embroidered with Here Fishy, Fishy from Go Pro. (Pomery Dec., pp. 23-27, Ex. 12). At some point in the summer of 1998, Pomery met with a representative of River Graphics and requested that River Graphics create a shirt for him embroidered with a fly and the phrase Here Fishy, Fishy. (*See id.*, pp. 1-13). Thereafter, River Graphics began selling clothing embroidered with the phrase Here Fishy, Fishy. Graham learned of River Graphics' use of the phrase on its clothing products in approximately January of 1999. (Graham Dec. ¶ 21) After sending a

letter to River Graphics demanding that it cease using the phrase on its clothing products, Graham fell ill with prostate cancer. (Graham Dec. ¶ 21 ). After regaining his health two years later, Graham again instructed his attorneys to contact River Graphics and attempt to resolve the dispute. This lawsuit ensued.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56. Review of the evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the nonmoving party. *See Simms v. Oklahoma ex rel. Dep't Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Although the movant must show the absence of a genuine issue of material fact, it need not negate the nonmovant's claim. *Id*. Once the movant carries this burden, the nonmovant cannot rest upon its pleadings, but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id*. "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawnmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

### IV.  DISCUSSION.

The Lanham Act defines a trademark for both federal and common law purposes as a designation used to identify and distinguish the goods of a manufacturer. Lanham Act § 45, 15 U.S.C. § 1127.  Not only does a trademark distinguish the owner's goods from others, it also signifies the source and the quality of the goods or services.  *In re Int'l Flavors & Fragrances, Inc.*, 183 F.3d 1361, 1366 (Fed. Cir. 1999).  In order to prevail on a statutory or common law claim of trademark infringement, a party must establish that (1) the mark is valid and legally protectible, and (2) that another's use of an identical or similar mark is likely to cause confusion among consumers as to the source of the product. *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1216 (10th Cir. 2004).

In the instant case, River Graphics' Motion for Summary Judgment argues only that Go Pro has no valid and legally protectible rights to the phrase Here Fishy, Fishy. (Def's Mot. Summ. J. at 2).[2]  Valid and legally protectible trademark rights are created not through registration, but through use of the designation as a mark.  2 J. Thomas McCarthy on Trademarks and Unfair Competition, §16:1 (hereinafter "McCarthy on Trademarks"). A designation is used as a trademark when it identifies one source and distinguishes it from other sources. *Id.*  If the designation does not perform the job of identification, then it is not protectible as a trademark.  *MicroStrategy Inc. v. Motorola, Inc..* 245 F.3d 335, 342 (4th Cir. 2001).

---

[2] Defendant does not argue the element of likelihood of confusion in their motion for summary judgment because they admit to using the identical phrase, in an embroidered manner, on the same goods. *See* Def's Motion for Summary Judgment at 3 ("Both companies embroider phrases on the front of T-shirts including the phrases: HERE FISHY, FISHY....")

According to River Graphics, Go Pro's use of the phrase on T-shirts and hats does not perform the trademark job of identification because it is used only as decoration or ornamentation. Nor has it acquired the secondary meaning necessary for it to function as both a source-indicating trademark and a decoration. In its response, Go Pro argues that such use of the phrase on clothing as well as the question of secondary meaning are disputed issues of material fact ripe for the jury's determination. In addition, Go Pro asserts that even assuming use of the phrase on T-shirts and hats is merely ornamental and that the phrase has not acquired secondary meaning, it has nonetheless acquired protectible trademark rights to the phrase by using it on container labels, invoices, advertising, order forms, and hang tags to identify itself as the source. River Graphics counters that Go Pro's non-embroidered use of the phrase is also non-trademark use because it is simply used to describe the products.

Mindful of the appropriate standards for summary judgment, I grant River Graphics' Motion for Summary Judgment as to Plaintiff's § 32(l) claim for trademark infringement, but deny it on the § 43(a) claim. Go Pro has failed to demonstrate a genuine issue of material fact with regard to whether it has acquired trademark rights to the phrase Here Fishy, Fishy via the use and embroidery of the phrase on its T-shirts and hats. Without the requisite showing, I can only agree with the PTO Examiner that the phrase is merely ornamental and is not a trademark.

While the mere fact that Go Pro embroiders the Here Fishy, Fishy phrase on its T-shirts and hats is insufficient to imbue it with trademark rights as a matter of law, it is

sufficient to withstand summary judgment on the question of whether Go Pro's use of the phrase on shirts, hats and on labels, invoices, advertisements, and hang tags gave rise to protectible trademark rights under § 43(a) of the Act.

> **A.    NO QUESTION OF MATERIAL FACT EXISTS AS TO WHETHER THE PLAINTIFF'S USE OF THE PHRASE HERE FISHY, FISHY ON T-SHIRTS AND HATS IS TRADEMARK USE.**

The distinction between an ornamental design and a trademark is whether the design is nothing more than ornamental or, if in addition, it is an indicator of source. Only the latter is a trademark. *See generally McCarthy on Trademarks*, § 7:24. A trademark, therefore, must indicate source and may, if appropriate, indicate source *and* be ornamental at the same time. *See In re Corning Glass Works*, 6 U.S. P.Q.2d 1032 (T.T.A.B. 1988). Here, River Graphics cites the PTO Examiner's determination and argues Go Pro's use of the phrase on T-shirts and hats is not source indicating, but ornamental only. First, I am not bound by determinations of the PTO. Nevertheless, the PTO Examiner's determination that "the public would perceive the proposed mark merely as a decorative or ornamental feature of the goods and not as an indicator of source" is persuasive evidence that Plaintiff's trademark application for "Here, Fishy Fishy" was refused registration on the Principal Register for that reason. In addition, River Graphics bolsters its argument that Go Pro's use of the mark on T-shirts and hats would likely be perceived by the public as nothing but ornamental with citations to relevant case law. *See e.g. In re Olan Corp.*, 181 U.S.P.Q. 182 (T.T.A.B. 1973)("Swallow Your Leader" printed on t-shirts has no meaning beyond ornamentation); *In re Astro-Gods, inc.*, 223 U.S.P.Q.

621 (T.T.A.B. 1984) (word-design logo on t-shirts not likely to be perceived as anything other than part of the thematic whole of the ornamentation of applicant's shirts); *In re Dimitri's Inc*., 9 U.S. P.Q.2d 1666 (T.T.A.B. 1998)( word SUMO on t-shirts and hats not likely to be perceived as other than ornamentation).

Go Pro's cases cited in support of its argument that its embroidered use of the phrase on T-shirts and hats is source indicating, on the other hand, are easily distinguishable and fall into three general categories of marks that are both ornamental and source-indicating. The first category is those of cases in which trademarks were deemed to have already been strong and or well-known as source indicators before their decorative use upon t-shirts or other related paraphernalia. *E.g. Boston Athletic Ass'n v. Sullivan*, 768 F.2d 22 (1st Cir. 1989)(promotional association with The Boston Marathon) *and Black Dog Tavern Col., Inc. v. Hall*, 823 F. Supp. 48 (D. Mass. 1993) (promotional association with Black Dog Tavern restaurant). The second involves marks used decoratively upon t-shirts and other paraphernalia but which identify a secondary source of sponsorship. *E.g. In re Paramount Pictures Corp.,* 213 U.S.P.Q. 1111 (T.T.A.B. 1982)(words "Mork & Mindy" and design not merely ornamental on t-shirts because it indicated not the manufacturer but a secondary source of sponsorship, the television show Mork & Mindy). The third evince a category of decorative marks which through additional unique design or strategic placement upon t-shirts are viewed as both ornamental and source indicating. *In re Watkins Glen Int'l, Inc.*, 227 U.S.P.Q. 727 (T.T.A.B. 1985)(stylized auto racing checkered flag design likely to be perceived as not

9

only ornamental but also as an indication of source); *Three Blind Mice Designs Co., Inc., v. Cark, Inc.*, 892 F. Supp. 303 (D. Mass. 1995)(designation on breast of shirts, necks of turtlenecks or on hats in way which has been used by other companies to indicate source such as the alligator for Izod, or a polo pony for Ralph Lauren).  In the instant case, none of the above means of acquiring trademark rights through the use of an ornamental designation is present.  Accordingly, there is no material dispute with regard to whether Go Pro has accrued trademark rights through its use of "Here, Fishy Fishy" on t-shirts and hats and summary judgment is appropriate.

      **B.**    **NO QUESTION OF MATERIAL FACT EXISTS AS TO WHETHER THE PHRASE HERE FISHY, FISHY HAS ACQUIRED SECONDARY MEANING.**

A designation used as ornamentation rather than as a source indication may nonetheless accrue trademark rights if the designation acquires secondary meaning. Registration on the Supplemental, rather than Principal, Register, implies that secondary meaning did not exist or could not have been demonstrated at the time of filing the trademark application.  *McCarthy on Trademarks*, §19:37.  While secondary meaning may be established later through proof that an appreciable number of consumers are familiar with the mark and the product or services connected to the mark, *see id.*, for purposes of Go Pro's §32(l) claim, the Supplemental Registration of the phrase suggests it was "only capable of someday becoming a mark upon the acquisition of secondary meaning." *Id.*

Not only must a plaintiff produce evidence demonstrating the existence of a

question of material fact as to whether the phrase has acquired secondary meaning, but it must also establish that secondary meaning of the mark was evident at the time the defendant began to use the same or substantially similar mark. *3 Callman, The Law of Unfair Competition, Trademarks, Monopolies* § 19:25 (4th ed. 1983). Go Pro claims to have begun using the mark in commerce in approximately February 1997 while River Graphics claims to have begun use of the same mark in the same manner in July 1998. Go Pro has simply not brought forward specific facts showing that an appreciable number of consumers understood the phrase as used by Go Pro during the 18-month time frame before River Graphics began using it to have not only served as ornamentation, but to have identified Go Pro as the source or sponsor of the products to which it was attached.

Rather than bringing forth evidence of consumer-understood secondary meaning, Go Pro erroneously argues that it need not prove secondary meaning because the phrase Here Fishy, Fishy is an "inherently distinctive" mark. Go Pro's assertion misses the mark. Go Pro is correct that "Here Fishy, Fishy" is neither generic nor descriptive, but even an "inherently distinctive" mark must still be used appropriately as a trademark in order to accrue trademark rights. *McCarthy on Trademarks,* § 3:3 (citations omitted).

A descriptive mark – a mark that is not inherently distinctive – is capable of functioning as a trademark upon a showing of secondary meaning. Similarly, an ornamental mark – one that is not necessarily intended for use as a trademark – is capable of functioning as a trademark upon a showing that it has acquired secondary meaning. One, however, does not prove the other. Go Pro's argument confuses trademark use with

distinctiveness, both of which are required in order to have a valid and legally protectible right in a trademark, but which are separate issues. Because Go Pro has not satisfied its burden of producing evidence sufficient to create a disputed issue of material fact as to whether its use of the phrase had acquired secondary meaning at the time River Graphics began using it, River Graphics Motion for Summary Judgment must be granted in this regard.

> **C. There is an issue of material fact with regard to whether plaintiff's various uses of the phrase Here Fishy, Fishy other than on the front of t-shirts and hats was sufficient to acquire common law trademark rights in the phrase.**

Although Go Pro's mere use of the phrase on its t-shirts and hats precludes its claim of trademark infringement under § 32(l) of the Lanham Act, Go Pro's claim that its other "traditional trademark-type usages" of the phrase created common law trademark rights give rise to a colorable claim for unfair competition under § 43(a) of the Act. To prevail in an action for unfair competition under § 43(a), a plaintiff must establish the same two factors necessary to prevail in an action for trademark infringement under § 32(l): First, the mark must be legally protectible, and second, the defendant's use of an identical or similar mark must be likely to cause confusion among consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir.2001).

A mark has been used appropriately as a trademark "when it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto and the goods are sold or transported in commerce." *United Drug Co. v. Theodore Rectanus Co.,* 248 U.S. 90, 97 (1918). However, such use of the mark in

commerce must be "of such nature and extent as to create an association of the goods or services and the mark with the user thereof." *New West Corp. v. NYM Co. of California*, 595 F.2d 1194, 1200 (9th Cir. 1979). Larger-sized print, all capital letters, distinctive or different print styles, color and prominent position on a label or advertisement are common markers of whether the phrase is being used as a trademark, but are not conclusive. *McCarthy supra*, § 3:3; *see also In re Morganroth*, 208 U.S. P.Q. 284, 288 (T.T.A.B. (1980)(trade mark need not be particularly large in size or appear in any particular position, "but must be used in such a manner that its nature and function are readily apparent and recognizable without extended analysis or research….").

Not all words, devices, symbols, and the like necessarily function as trademarks notwithstanding that they may have been adopted with the intent of doing so. *In re Illinois Bronze Powder & Paint Co.*, 188 U.S.P.Q. 459 (T.T.A.B. 1975). Similarly, the use of "©" or "™" or other intellectual property designation does not, by itself, create a trademark. *In re Plymouth Cordage Co.*, 122 U.S.P.Q. 336 (T.T.A.B. 1959). The ultimate question for Go Pro in the instant case is whether its use of the phrase on labels affixed to containers used to ship their clothing, on invoices billing customers for their clothing, in advertisements and catalogues, and on hang tags attached to the shirts and hats being sold makes "such a visual impression that the viewer would see it as a symbol of origin separate and apart from everything else." *Id*.

River Graphics denies such use by Go Pro could be viewed as anything other than primarily as a description of the contents of a package or the description of the shirt being

sold.  I disagree.  The totality of Go Pro's alleged trademark uses, taken together, establish, if not an exclusive right to use the phrase Here Fishy, Fishy, then at least a question of material fact on the issue of secondary meaning.  *See New West Corp.,* 595 F.2d at 1200.  Therefore, while not all of Go Pro's uses of the phrase on its products, labels, packages, or invoices function "as an indication of source of the product on which it is used…the broad and liberal interpretation of our law is that, where such a sign also serves a source indicating function, it should be regarded as acceptable subject matter for registration."  *In re Paramount Corp.*, 21 U.S.P.Q. at 1113 (T.T.A.B.).  Because the requirements for registration are the same as those for acquiring common law trademark rights, applying the "broad and liberal interpretation of our law" to the evidence of trademark use produced by Plaintiff indicates there is a viable question of material fact with regard to whether Go Pro had acquired common law trademark rights to the phrase Here Fishy, Fishy prior to Defendant's use of the phrase beginning in July 1998.  River Graphics' Motion for Summary Judgment is therefore denied with regard to Go Pro's claim for unfair competition under §43(a).

Based on the foregoing, Defendant's Motion for Summary Judgment (Doc. 28) is GRANTED with respect to Plaintiff's claims for trademark infringement under § 32(l) of the Lanham Act and any of Plaintiff's common law claims derivative of or preempted by § 32(l) of the Lanham Act.3  The Motion is DENIED in all other respects.  The case will

---

3      There is some assertion in Defendant's briefing that Plaintiff's common law misappropriation of business value and unfair competition claims necessarily fall with a rejection of the infringement claim under § 32(l).  While this may be true if the only value appropriated is

be set for a pretrial conference on Plaintiff's remaining claims by separate Minute Order.


Dated April 5, 2006.

                                              **s/John L. Kane**
                                              SENIOR U.S. DISTRICT JUDGE

---

the value associated with ownership of a trademark, it is not always true. *See Heller v. Lexton-Ancira Real Estate Fund, Ltd.*, 809 P.2d 1016 (Colo. App. 1990)(misappropriation of value that exists independently of trademark not preempted), *rev'd on other grounds*, 826 P.2d 819 (Colo. 1992). Because the issue is not fully developed in the parties' briefing, I do not resolve it today.